# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| ROBERTA HARANTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No.: |
| | ) |
| MICHAEL SAUNDERS | ) |
| & COMPANY | ) |
| | ) |
| Defendant. | ) |
| _____ | / |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ROBERTA HARANTS ("Plaintiff" or "Harants"), files her Complaint against Defendant, MICHAEL SAUNDERS & COMPANY ("Defendant" or "Saunders"), and in support she states the following:

## NATURE OF THE CLAIMS

This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA"), the Family and Medical Leave Act of 1996, 29 U.S.C. §2601, *et seq*. ("FMLA"), and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq*. ("FCRA"), to redress Defendant's unlawful employment practices against Plaintiff including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of her association with a disabled individual, and for exercising, or

attempting to exercise, her rights under the FMLA leading to Plaintiff's unlawful termination.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA and ADA.

2. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the Florida Civil Rights Act of 1992 pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

4. Plaintiff, Harants, is a citizen of the United States, and is and was at all times material, a resident of the State of Florida, residing in Sarasota County, Florida.

5. Defendant, Saunders, is a Florida For-Profit Corporation with its principal place of business in Sarasota, Florida.

6. Plaintiff worked for Defendant at 1801 Main Street, Sarasota, Florida 34236.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On April 13, 2020 Plaintiff timely dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on disability, and retaliation.

10. Plaintiff's EEOC Charge was filed within three hundred days after the alleged unlawful employment practices.

11. On January 19, 2021 the EEOC issued to Plaintiff her Notice of Right to Sue. (Exhibit "A").

12. This Complaint was filed within ninety days following Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13. Plaintiff worked for Defendant as a full-time Showing Appointment Representative and/or Call Center Operator for approximately eight (8) years.

14. While employed by Defendant, Plaintiff excelled in her position.

15. In or around early March 2020, Plaintiff began wearing an N-95 mask to work after Paula Rees (Vice President of Operations) was conducting a cleanliness inspection of the office and sneezed directly into Plaintiff's face while standing less than a foot from her.

16. Plaintiff had previously worn an N-95 mask to work on multiple occasions for her own benefit when her co-workers were exhibiting symptoms of a cold or illness, with no issues.

17. Plaintiff's decision to wear her mask following Ms. Rees failure to follow normal hygiene practices was to avoid getting sick with COVID-19 due to the devastating and deadly impact it could have on Plaintiff's disabled mother.

18. Plaintiff's mother is a disabled female who suffers from a serious medical condition and lives with Plaintiff.  Specifically, Plaintiff's mother suffers from congestive heart failure, COPD, and utilizes a pacemaker.

19. Plaintiff's mother has a physical or mental impairment that substantially limits one or more of Plaintiff's mother's major life activities including caring for herself and performing manual tasks like cooking and cleaning.

20. At all times relevant, Defendant was aware of Plaintiff's mother's disability as Plaintiff had previously exercised her FMLA rights to care for her mother.

21. On or about March 17, 2020, Ms. Rees subjected Plaintiff to disparate treatment when it suddenly forbade Plaintiff from wearing a mask due to her association to her disabled mother, without providing any legitimate reason for no longer permitting Plaintiff to wear a mask.

22. Plaintiff reminded Ms. Rees of her mother's disabling condition, and that it was a precautionary measure to ensure Plaintiff was not exposed to COVID-19 in order to continue providing the essential care her mother required and even more so, to prevent exposure of the deadly virus to her disabled mother. Plaintiff also escalated concerns of disparate treatment compared to the multiple occasions when Plaintiff would wear a mask for her own benefit as a precautionary measure

23. Ms. Rees denied Plaintiff's request and ignored her protected escalations.

24. To further discriminate and retaliate against Plaintiff, Ms. Rees then threatened Plaintiff with an ultimatum stating that Plaintiff can either remove the mask or be terminated.

25. Plaintiff then requested to work from home, as a mere day earlier, Defendant had sent a company-wide memo stating that due to the COVID-19 pandemic, remote work would be available on a case-by-case basis; however, Ms. Rees denied Plaintiff's request without providing any legitimate reason for the denial.

26. Plaintiff then requested to exercise her FMLA rights, Ms. Rees denied her request and stated that she did not qualify for protected FMLA leave despite the fact Plaintiff did qualify and had previously exercised her FMLA rights.

27. Ms. Rees then informed Plaintiff that she was terminated and instructed her to leave at 4:00pm, an hour and a half prior to her normally scheduled leave time.

28. Ms. Rees informed Plaintiff that Defendant would utilize the remainder of Plaintiff's PTO at which point her termination would become effective however, Plaintiff was never made aware of how much PTO was available to her.

29. On or about March 18, 2020, Plaintiff contacted the Department of Labor which confirmed that Plaintiff qualified for FMLA and instructed her to email Defendant's Human Resources Department and request the FMLA documents.

30. Plaintiff then emailed Judy Smith (Human Resources) and inquired about her eligibility for FMLA stating that Ms. Rees indicated she is not eligible for FMLA.

31. Following Plaintiff's email, Ms. Rees called Plaintiff and informed her that she [Ms. Rees] handles FMLA and Ms. Smith forwarded Plaintiff's email to her.

32. After significant back and forth, Ms. Rees reluctantly agreed to provide Plaintiff with the requested FMLA documents however, upon receipt of the documents on or about March 24, 2020, Plaintiff discovered that Ms. Rees had provided expired FMLA documents.

33. Defendant's continued interference and failure to provide Plaintiff with FMLA leave and the corresponding and current documents caused confusion with Plaintiff's mother's primary care physicians.

34. Further, Defendant never rescinded or provided clarification regarding Plaintiff's termination or effective termination date.

35. On or about March 30, 2020, Plaintiff submitted her FMLA documents to Defendant.

36. Then, on or about April 10, 2020, Defendant sent Plaintiff a letter informing her that she was both approved for FMLA and terminated under the pretext of a lay off due to COVID-19.

37. Defendant's reason for Plaintiff's second termination was clearly pretextual and a self-serving attempt to conceal its discriminatory FMLA interference and prior unlawful termination.

38. Defendant's manipulative termination letter also stated it would not be hiring due to the need to lay off employees and cut hours; however, just weeks after sending that correspondence, Defendant was actively advertising job positions.

39. Plaintiff has been damaged by Defendant's illegal conduct.

40. Defendant's conduct was willful, wanton, and done with reckless disregard for Plaintiff.

41. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## COUNT I: DISABILITY BASED DISCRIMINATION IN VIOLATION OF THE ADA

42. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41 above.

43. At all times relevant to this action, Plaintiff's mother was a qualified individual with a disability within the meaning of the ADA.

44. Plaintiff's mother has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

45. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her association with a disabled individual with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

46. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her association with a disabled individual.

47. Defendant intentionally discriminated against Plaintiff on the basis of her association with a disabled individual.

48. Plaintiff has been damaged by Defendant's illegal conduct.

49. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

50. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

51. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## COUNT II: RETALIATION IN VIOLATION OF THE ADA

52. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41 above.

53. Defendant intentionally retaliated against Plaintiff for engaging in protected activity, raising her concerns regarding Defendant's discriminatory actions, and by unlawfully terminating Plaintiff's employment.

54. Defendant's conduct violates the ADA.

55. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

56. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

57. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## COUNT III: HANDICAP BASED DISCRIMINATION IN VIOLATION OF THE FCRA

58. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-41 above.

59. Plaintiff's mother was a qualified individual with a handicap under the meaning of the FCRA.

60. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her association with a handicap individual with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

61. Defendant violated the FCRA by unlawfully terminating and discriminating against Plaintiff based on her association with a handicap individual.

62. Defendant intentionally discriminated against Plaintiff on the basis of her association to a handicap individual.

63. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of

self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

64. Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and or punitive damages.

## COUNT IV: RETALIATION IN VIOLATION OF THE FCRA

65. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-41 above.

66. Plaintiff engaged in protected activity under the FCRA while employed by Defendant when she raised concerns about Defendant's discriminatory behavior.

67. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

68. Defendant's conduct violated the FCRA.

69. Defendant's discriminatory conduct, in violation of the FCRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

70. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

71. Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### COUNT V: FMLA INTERFERENCE

72. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41 above.

73. Plaintiff was an employee eligible for protected leave under the FMLA.

74. Defendant is and was an employer as defined by the FMLA.

75. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

76. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

77. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

78. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

### COUNT VI: FMLA RETALIATION

79. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-41 above.

80. Plaintiff was an employee eligible for protected leave under the FMLA.

81. Defendant is and was an employer as defined by the FMLA.

82. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

83. Defendant retaliated against Plaintiff for exercising, or attempting to exercise, her FMLA rights.

84. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

85. Plaintiff was injured due to Defendant's willful violation of the FMLA, to which she is entitled to legal relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Zane A. Herman**
Zane A. Herman
Florida Bar No.: 120106
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Suite 950
Tampa, Florida 33609
T: (800) 965-1570 ext. 105
F: (866) 580-7499
Zane.herman@spielbergerlawgroup.com

*Counsel for Plaintiff*